UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN L. MAYNARD,

     Petitioner,

v.

                               CASE NO. 6:12-cv-324-Orl-28GJK
                                  (6:05-cr-131-Orl-28GJK)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

John L. Maynard has filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1).  The Government filed a response (Doc. No. 5) to the section 2255 motion.  Maynard filed a reply to the response (Doc. No. 10).

Maynard alleges fourteen claims for relief in his motion:  (1) the evidence was not sufficient to support his conviction for conspiracy to commit mail and wire fraud (count thirteen), and appellate counsel rendered ineffective assistance by failing to raise this issue on appeal (claims one, two, and three); (2) the Court erred by allowing the Government to constructively amend the indictment, and appellate counsel rendered ineffective assistance by failing to raise this claim on direct appeal (claim four); (3) the Court erred by denying more than twenty motions for mistrial, including those based on the Government's misconduct, and appellate counsel rendered ineffective assistance by failing to raise this claim on direct appeal (claims five and seven); (4) the Court erred by denying his motions to sever, and appellate counsel rendered ineffective assistance by failing to raise this claim

on direct appeal (claim six); (5) the Court improperly enhanced his sentence for losses to purchasers after ABC's assets were in control of the conservatorship, and appellate counsel rendered ineffective assistance by failing to raise this claim on direct appeal (claim eight); (5) the sentence enhancements premised on losses to purchasers based on the lapsed policies were improper, and trial counsel rendered ineffective assistance by failing to argue such (claim nine); (6) his counsel labored under a conflict of interest (claim ten); (7) counsel failed to notify him of a plea offer and failed to engage in independent plea negotiations (claim eleven); (8) his "right to a fair trial was prejudiced by several/many instances of Brady-type exclusion of exculpatory evidence," and appellate counsel rendered ineffective assistance by failing to raise the issue on direct appeal (claim twelve); (9) trial and appellate counsel rendered ineffective assistance (claim thirteen); and (10) the evidence was not sufficient to support his conviction for conspiracy to commit tax fraud (claim fourteen).  For the following reasons, claims one through ten and twelve through fourteen are denied, and an evidentiary hearing is ordered on claim eleven.

## I.  *Procedural History*

Maynard and two other individuals, C. Keith LaMonda and Jesse LaMonda, were charged in a fifteen-count superseding indictment with the commission of various crimes (Criminal Case No. 6:05-cr-131-Orl-28GJK, Doc. No. 73).[1]  Maynard was charged in counts one through fourteen.  Counts one and thirteen charged conspiracy to commit mail and wire fraud, counts two through twelve charged mail fraud, and count fourteen charged

---

[1]Criminal Case No.6:05-cr-131-Orl-28GJK will be referred to as "Criminal Case."

conspiracy to commit tax fraud.   A jury found Maynard guilty of counts thirteen and fourteen and not guilty of counts one through twelve. *See* Criminal Case Doc. No. 737.

The Court entered an Amended Judgment in which Maynard was adjudicated guilty of counts thirteen and fourteen and sentenced to imprisonment for two consecutive terms of 60-months imprisonment. (Criminal Case Doc. No. 992.) The Court further ordered a three-year term of supervised release upon Maynard's release from imprisonment and various amounts of restitution.

The Court subsequently entered a Forfeiture Money Judgment and Preliminary Order of Forfeiture for Substitute Assets in which, among other matters, Maynard was adjudged to be jointly and severally liable to the Government for a Forfeiture Money Judgment in the amount of $8 million. *Id.* at 977.  Maynard filed a direct appeal with the Eleventh Circuit Court of Appeals, which entered an unpublished opinion affirming the convictions and sentence. *See* Criminal Case Doc. No. 1165.

## II.   *Legal Standards*

### A.   *Evidentiary Hearing*

Under Section 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir.

3

1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

### B.    Ineffective Assistance of Counsel

The Supreme Court of the United States  in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

4

effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

### C. *Procedural Bar*

"A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice." *Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012). Ineffective assistance of counsel can constitute cause. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). To demonstrate "prejudice," a petitioner must establish that there is "at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d

880, 892 (11th Cir. 2003). A defendant may show a fundamental miscarriage of justice by demonstrating that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).

Likewise, the Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Id.* As a result, claims that were raised and resolved in a defendant's direct appeal will not be reconsidered by the Court.

## III.   *Analysis*

### A.   *Factual Background*

The Eleventh Circuit Court of Appeals summarized the facts of this case succinctly:

> Because we write primarily for the parties, we assume their familiarity with the underlying facts. Defendants operated a company that sold viatical settlements, which are financial instruments created by the *inter vivos* conveyance of a life insurance death benefit. During the seven-month trial, the Government presented evidence that [D]efendants (1) knowingly procured life insurance policies acquired by fraud for the purpose of selling viatical settlements, (2) lied to investors who purchased fraud-tainted viatical settlements, (3) secretly misappropriated investor funds for personal use, and (4) conspired to conceal taxable income from the sale of viatical settlements.

*See* Criminal Case Doc. No. 1165 at 3.

### B.   *Procedural Bar*

In claims one through nine, twelve, and fourteen, Petitioner asserts various claims of trial court error and prosecutorial misconduct. These claims were either raised on direct

appeal or should have been raised on direct appeal. To the extent the claims were raised on direct appeal and decided adversely to Maynard, they will not be considered by the Court in this proceeding.

Likewise, to the extent these claims were not raised on direct appeal, they are procedurally barred from review. Assuming that Maynard attempts to establish cause and prejudice to overcome the procedural default based on ineffective assistance of appellate counsel, the Court concludes he has not done so because his claims of ineffective assistance of appellate counsel are without merit as discussed *infra*. Thus, Maynard has not shown cause or prejudice for his procedural default. He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception. Maynard, therefore, has failed to overcome the procedural default. Accordingly, claims one through nine, twelve, and fourteen will not be considered to the extent they raise claims of trial court error or prosecutorial misconduct.

### C.   *Claim One, Two, Three, and Fourteen*

Maynard argues in claims one through three that appellate counsel rendered ineffective assistance by failing to argue that the evidence was insufficient to support his conviction for conspiracy to commit mail and wire fraud (count thirteen). In support of these claims, Petitioner maintains that the Government failed to prove a conspiratorial agreement and the knowing joinder of a conspiracy and that the relevant conduct was at most a breach of a civil contract. (Doc. No. 1 at 4-7.) Similarly, in claim fourteen, Maynard contends that the evidence was insufficient to support his conviction for conspiracy to

commit tax fraud (count fourteen) because the Government failed to prove a conspiratorial agreement and the knowing joinder of a conspiracy. *Id.* at 23. Maynard did not explicitly allege that appellate counsel rendered ineffective assistance by failing to raise this claim. Nevertheless, he did note in claim fourteen that he was deprived of the assistance of counsel. The Court will assume, therefore, that Maynard intended to allege a claim of ineffective assistance of appellate counsel in relation to claim fourteen.

The record reflects that appellate counsel did raise these claims on direct appeal. Counsel argued that the Government failed to prove that Maynard entered into an agreement to achieve an unlawful objective so as to prove a conspiracy as to counts thirteen and fourteen. (Doc. No. 5-2 at 29-34.) The Eleventh Circuit Court of Appeals rejected Maynard's contention that the evidence did not support his convictions. (Criminal Case Doc. No. 1165 at 4.) Thus, appellate counsel was not deficient for failing to raise these claims on appeal. Moreover, Petitioner has not demonstrated that prejudice resulted from counsel's alleged failure to raise these arguments. Consequently, claims one through three and fourteen are denied.

### D. Claim Four

Maynard asserts that appellate counsel rendered ineffective assistance by failing to argue that the Court erred by allowing the Government to constructively amend the indictment. Specifically, Maynard argues in relation to counts two through twelve that "the duty to report clean-sheeting to the insurance companies was not charged" and in relation to count thirteen that a regulatory issue with the Oklahoma Department of

8

Securities "was not charged but was used by the prosecution to inflame . . . the jury. . . ." (Doc. No. 1 at 8-9.)

The Court first notes that Maynard was acquitted of counts one through twelve. Thus, even assuming the indictment was constructively amended as to these counts, Maynard has not demonstrated that counsel was deficient for failing to raise this issue on appeal or that prejudice resulted therefrom.

More importantly, Maynard fails to demonstrate that the indictment was constructively amended.   "[A]n amendment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990). Maynard has not shown that any of the rulings made by the Court altered the essential elements of the offenses contained in the indictment or broadened the possible bases for conviction beyond what was contained in the indictment. Furthermore, the Court instructed the jury that violations of rules and regulations governing "viatical transactions in the State of Florida and elsewhere, including issues relating to a consent order and licensing" were not charged in the case and the jury could only consider the elements charged in the superceding indictment in determining guilt. (Criminal Case Doc. No. 1059 at 27-28.) Thus, Maynard has not shown that appellate counsel acted deficiently or that he sustained prejudice.

E.    *Claims Five and Seven*

In claim five, Petitioner contends that appellate counsel rendered ineffective

assistance by failing to argue that this Court erred by denying various motions for mistrial. In support of the claim, Maynard maintains that the Court should have granted the defense's motions for mistrial based on the Government's opening statement and closing argument. Maynard argues that the Government's opening statement shifted the burden of proof and its closing argument was "fraught with inflammatory and prejudicial remarks, misstatements of fact, misstatements and outright misrepresentation of testimony, made expressions of personal beliefs, [and] misquoted testimony. . . ." (Doc. No. 1 at 9-10.) Similarly, in claim seven, Petitioner asserts that appellate counsel rendered ineffective assistance by failing to argue that the Court erred by denying more than twenty motions for mistrial. *Id.* at 13.

Review of the record establishes that the Government's opening statement and closing argument were legally appropriate. Nothing in the opening statement shifted the burden of proof to the defense. *See* Criminal Case Doc. No. 634 at 2-40. Furthermore, in closing argument the Government argued the evidence presented and inferences to be made therefrom. (Criminal Case Doc. No. 910 at 132-215; Doc. No. 911 at 6-75; Doc. No. 913 at 67-124.) Additionally, the Court repeatedly instructed the jury that the attorneys' arguments were not to be considered as either evidence or instructions of the law and that it must make its decision based solely on the testimony and other evidence presented. (Criminal Case Doc. No. 910 at 131; Doc. No. 913 at 131; Doc. No. 1059 at 5, 7.) Finally, Petitioner does not explain which motions for mistrial the Court improperly denied or why the denial of those motions was erroneous. In sum, Petitioner has not established that

10

counsel was deficient for failing to argue on appeal that the Court erred in denying various motions for mistrial, nor has he shown that prejudice resulted therefrom. Consequently, claims five and seven are denied.

### F.   Claim Six

Maynard maintains that appellate counsel rendered ineffective assistance by failing to assert that the Court erred by denying his severance motions. Maynard contends that the trials of he and his co-defendants should have been severed, and prejudicial spillover occurred because the motions for severance were not granted.

Defendants charged in a conspiracy are ordinarily tried together. *United States v. Hernandez*, 921 F.2d 1569, 1578 (11th Cir. 1991). The denial of a severance motion will not be reversed unless the resulting joint trial caused the defendant "compelling prejudice" and rendered the jury "incapable of independently evaluating the evidence against each defendant." *Id.* (citations omitted) (quotation omitted). The Court, in its preliminary instructions, cautionary instructions throughout the trial, and final instructions, repeatedly instructed the jury to consider each Defendant and each offense separately. *See* Doc. No. 1059 at 29; Doc. No. 1085 at 40-42. Petitioner, therefore, has not established that the Court erred in denying the motions for severance or that prejudice resulted from the denial of the motions. Accordingly, Maynard has not shown that appellate counsel acted deficiently or that he sustained prejudice.

### G.   Claims Eight and Nine

In claim eight, Maynard asserts that appellate counsel rendered ineffective

11

assistance by failing to argue that the Court improperly enhanced his sentence for losses to purchasers incurred after ABC's assets were in the control of the conservatorship (hereinafter "conservatorship issue"). Similarly, in claim nine Maynard maintains that trial counsel rendered ineffective assistance by failing to argue that the sentence enhancements premised on losses to purchasers resulting from lapsed policies or viators living beyond life expectancy were improper because they were not a foreseeable objective of the conspiracy.

These claims of ineffective assistance of trial and appellate counsel issue are without merit. Aside from vague allegations, Maynard fails to demonstrate that either the conservatorship issue or the losses to purchasers issue would have been successful if raised. Furthermore, counsel for Defendants made extensive arguments regarding the appropriate amount of loss that was the foreseeable objective of the conspiracy and should be attributed to Maynard and his co-defendants. (Criminal Case Doc. No. 983 at 60-92.)

"A court's valuation of loss 'need not be made with precision," and "its reasonable estimate of the intended loss will be upheld on appeal." *United States v. Dominguez,* 109 F.3d 675, 676 (11th Cir. 1997) (citations and internal quotations omitted). Based on the evidence presented at the sentencing hearing, the Court's determination of the loss attributable to Maynard was reasonable. Maynard has failed to demonstrate that the Court's calculation was without factual support. Consequently, Maynard has not shown that trial or appellate counsel were deficient for failing to raise these issues or that prejudice resulted therefrom. Accordingly, claims eight and nine are denied.

### H.   Claim Ten

Maynard asserts that his counsel labored under a conflict of interest.  In support of this claim, he notes that his counsel and his co-defendants' counsel were paid by C. Keith Lamonda.  *See* Doc. No. 1 at 17.  He argues that the fee arrangement resulted in them being represented by one entity and prevented the pursuit of independent defense strategies.  *Id.*

This claim was not raised on direct appeal.  Maynard does not establish cause or prejudice for his procedural default.  He has also failed to demonstrate the applicability of the fundamental miscarriage of justice exception.  Thus, he has failed to overcome the procedural default, and this claim is procedurally barred from review.

Further, when an ineffective assistance of counsel claim is based on a conflict of interest, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." *McCorkle v. United States*, 325 F. App'x 804, 808 (11th Cir. 2009) (quotation omitted) (citations omitted).  "An actual conflict of interest occurs when an attorney has inconsistent interests." *Id.* (quotation omitted) (citation omitted).  Further, "[t]he conflict cannot be merely possible, speculative, or hypothetical." *Id.*  To prove adverse effect, a petitioner must demonstrate three elements: (1) "that the defense attorney could have pursued a plausible alternative strategy"; (2) "that this alternative was reasonable"; and (3) "that the alternative strategy was not followed because it conflicted with the attorney's external loyalties." *Reynolds v. Chapman*, 253 F.3d 1337, 1343 (11th Cir. 2001).

After closing arguments, the Court addressed this matter with Maynard.  Maynard

13

acknowledged to the Court that C. Keith LaMonda was paying his attorney fees and costs. *See* Criminal Case Doc. No. 913 at 133-34. The Court noted that this fee arrangement could create a potential for conflict of interest and observed that Maynard and Jesse LaMonda "both have experienced and competent lawyers in this case ... and that allays any concern that might otherwise be troubling." *Id.* at 135.   The Court then explained in detail to Maynard the potentials for conflict with this fee arrangement, and Maynard stated that he understood the potential conflicts. *Id.* at 136. The Court advised Maynard that he was entitled to an attorney and that an attorney would be appointed for him if he could not afford one. *Id.* at 137. The Court noted that Maynard had not objected to this arrangement and found that "there's no suggestion from the performance of Mr. Pasano and Mr. Muller that they in any way acted contrary to your interests or in any effort to appease the wishes of Mr. C. K. LaMonda." *Id.* Maynard affirmed that he was satisfied with his attorney, that counsel had provided him with independent and zealous representation, and that the loyalty of his attorney had not been compromised by the fact that fees and costs were paid by C. Keith Lamonda. *Id.* at 137-38.

Maynard's allegations in his § 2255 motion do not demonstrate that his counsel operated under a conflict of interest.  Maynard merely speculates that his attorney's fee arrangement adversely affected his defense.   However, Maynard's counsel zealously represented him throughout his case.  He filed numerous pre-trial motions, extensively cross-examined the Government's witnesses at trial, made appropriate objections, and presented testimony and evidence in support of Maynard's defense.  Because Maynard

completely fails to identify any specific instances in the record demonstrating anything more than a possible, speculative, or merely hypothetical conflict by counsel, Maynard has not establish that his counsel labored under an actual conflict of interest or that any purported conflict adversely affected counsel's performance.  Accordingly, claim ten is denied.

I.     *Claim Eleven*

In his § 2255 motion, Maynard asserts that several plea offers were made to Defendants and addressed to Bernard Dempsey ("Dempsey"), co-defendant C. Keith LaMonda's attorney, and the offers were rejected by Dempsey without notification to Maynard.[2] (Doc. No. 1 at 19.)  Additionally, in his reply to the Government's response to the § 2255 motion, Maynard contends that his counsel failed to advise him of the Government's plea offer.  (Doc. No. 10 at 4-6.)   The Government responds that it made a collective plea offer to Defendants, which required them all to accept the plea offer by a specific time.   (Doc. No. 5 at 21.)    According to the Government, however, one of Maynard's co-defendants rejected the plea offer, thereby invalidating it as to all Defendants.  *Id.*

In *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations.  *Frye*, 132 S. Ct. at 1404–08; *Lafler*, 132 S. Ct. at 1384. Thus,

---

[2]Maynard also asserts in claim eleven that counsel failed to negotiate a plea agreement for him.  This argument is also raised in claim thirteen and will be addressed in that claim.

criminal defendants are "entitled to the effective assistance of competent counsel" during

plea negotiations. *Lafler*, 132 S. Ct. at 1384 (internal quotation marks omitted). "[D]efense

counsel has the duty to communicate formal offers from the prosecution to accept a plea

on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. The

Supreme Court of the United States has further held:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409.

In the instant case, Maynard maintains that he was never advised of the

Government's plea offer. Review of the filings in this case and the related § 2255 cases

indicates that LaMonda, Jesse LaMonda, and Maynard maintain that they were not advised

of the Government's collective plea offer by their attorneys. *See* Criminal Case Doc. Nos.

1226 at 4; 1230-3 at 30; Case No. 6:12-cv-324-Orl-28GJK, Doc. No. 10 at 4-6.

An evidentiary hearing is needed to determine whether (1) Maynard was advised

of the plea offer, and (2) if so, whether he rejected the plea offer. Furthermore, evidence

regarding whether prejudice resulted from counsel's purported deficient performance in

failing to advise Maynard of the plea offer shall be presented at the hearing. Specifically, evidence regarding whether a reasonable probability exists that Maynard or his co-defendants would have accepted the plea offer had they been advised of it and whether the plea would have been entered without the prosecution canceling it or this Court refusing to accept it shall be developed at the hearing. To this end, the parties may present any evidence concerning whether Maynard or his co-defendants were advised of and rejected the plea offer, as well as, the impact of such rejection on the Government's collective plea offer.

J.    *Claim Twelve*

Maynard asserts that appellate counsel rendered ineffective assistance by failing to argue that his "right to a fair trial was prejudiced by several/many instances of Brady-type exclusion of exculpatory evidence. . . ." (Doc. No. 1 at 20.) In support of this claim, Maynard complains that the Court (1) should have ordered the Government to produce a copy of the records of the ATCO premium account, and (2) "refused to compel the conservator to testify to his actions regarding this policy[3] and refused to admit copies of the conservatorship documents, the order entered in the Oklahoma court or the miscellaneous lawsuits by ABC regarding same." *Id.*

Although Maynard refers to this claim as a *Brady*-type claim, it appears that he is actually arguing that the Court erred by excluding certain evidence and counsel should have raised the matter on appeal. Maynard's allegations with regard to this claim are

---

[3]Presumably, Maynard is referring to the Prudential policy issued to Judith Isaac.

vague and inadequate as a matter of law to raise a cognizable claim of ineffective assistance of appellate counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993). Maynard fails to set forth and discuss the reasons why this evidence should have been admitted at trial. Furthermore, Maynard has not explained or demonstrated how the admission of this evidence would have resulted in his acquittal of counts thirteen or fourteen. Maynard "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). Maynard's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728. Maynard has failed to satisfy either prong of the *Strickland* test, and claim twelve is denied.

### K.    *Claim Thirteen*

Maynard argues that there were numerous instances of ineffective assistance of trial counsel.[4] Specifically, Maynard asserts that trial counsel (1) failed to pursue any plea arrangement; (2) ignored the failure of his co-counsel to introduce a copy of the financial records of ATCO; (3) failed to introduce the records of the Florida Department of Insurance ("FDOI"), the Oklahoma court, evidence of the conservatorship, or the miscellaneous litigation by ABC concerning the Isaac policy; (4) failed to argue his non-existent role in the operation or management of ABC; and (5) failed to acknowledge the conflict of interest.

### 1.    *Issue One (Plea Bargain)*

---

[4]In claim thirteen, Maynard also asserts that appellate counsel rendered ineffective assistance and references his preceding claims. The Court has addressed those claims *supra* and will not discuss them further in claim thirteen.

As noted by Maynard, the Government made a collective plea offer to the Defendants. The failure to pursue another plea bargain does not demonstrate ineffective assistance of counsel, particularly when there is no suggestion that the Government would have made or accepted another plea offer from Maynard. *Bridges v. United States*, No. 04 Civ. 2715(HB), 2005 WL 1798084 at *6 (S.D.N.Y. August 1, 2005).   Maynard provides no evidence that the Government would have made an additional plea offer that did not encompass all Defendants. In addition, Maynard has not presented any objective evidence establishing that he would have accepted a plea offer. The Court concludes, therefore, that Maynard has not shown deficient performance on the part of counsel or that he sustained prejudice.

> 2.    *Issues Two and Three (ATCO Records, FDOI Records, Oklahoma Court, Conservatorship, and Miscellaneous ABC Litigation)*

Maynard's allegations with regard to the ATCO records, FDOI records, Oklahoma court, conservatorship, and the miscellaneous ABC litigation are vague. He fails to allege any facts supporting, or otherwise explaining, the exculpatory aspects of these materials. Likewise, he offers no facts establishing how these materials would have affected the outcome of the trial.    As a result, Maynard fails to demonstrate that counsel acted deficiently with regard to these matters or that he sustained prejudice. Thus, these issues are without merit.

> 3.    *Issue Four (Role in ABC)*

The record reflects that Maynard's counsel did argue the non-existence of Maynard's manager or operator role in ABC. For example, during closing argument,

19

counsel argued that "John Maynard wasn't a shareholder at ABC, he wasn't an employee at ABC. His name wasn't on any bank account. The only account that his name was on was an account as [sic] for the building. . . . He was never at any director's meetings." (Criminal Case Doc. No. 913 at 17-18; *see also id.* at 33-36.) Moreover, Maynard has not demonstrated how any additional argument regarding his role at ABC would have resulted in his acquittal of counts thirteen or fourteen. In sum, Maynard has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice.

### 4.    *Issue Five (Conflict of Interest)*

As discussed in claim ten, Maynard failed to demonstrate that an actual conflict of interest existed or that any purported conflict adversely affected counsel's performance. Consequently, Maynard has failed to demonstrate that counsel was deficient for failing to alert the Court to a conflict of interest or that prejudice resulted from counsel's failure to do so. Accordingly, claim thirteen is denied pursuant to *Strickland.*

Any of Maynard's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED**:

1.    Claims one through ten and twelve through fourteen of the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by John L. Maynard (Doc. No. 1) are **DENIED**.

2.    The Court will hold an evidentiary hearing on claim eleven, that trial counsel

failed to convey the Government's plea offer to Maynard.  The hearing is scheduled for April 30, 2014 at 9:00 a.m., at U.S. Courthouse, 401 West Central Blvd., Courtroom 6B, Orlando, Florida 32801.

3.      United States Magistrate Judge Kelly is directed to appoint counsel on behalf of Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

4.      At least twenty (20) days prior to the evidentiary hearing, Petitioner shall file a statement entitled Pretrial Narrative Statement consisting of the following:

      (a)      A brief general statement of the case.

      (b)      A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

      (c)      A list of all exhibits to be offered into evidence at the evidentiary hearing.

      (d)      A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

      (e)      A summary of the anticipated testimony of each witness named in (d).

5.      At least eleven (11) days prior to the evidentiary hearing, the Government shall file a Pretrial Narrative Statement complying with paragraphs 4(a) through (e) above.

    **DONE AND ORDERED** in Orlando, Florida, this __6__ day of March, 2014.

        JOHN ANTOON II
        UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/6
John L. Maynard

Counsel of Record